UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** } | |
| } | |
| **v.** } | Case No.:  1:23-CV-08024-RDP |
| } | 1:22-CR-00081-RDP-JHE |
| **JAMICHAEL BERNARD GARRETT,** } | |
| } | |
| **Defendant.** } | |

### MEMORANDUM OPINION AND ORDER

This case is before the court on Petitioner Jamichael Bernard Garrett's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Cv. Doc. # 1).[1] For the reasons discussed below, the Motion is due to be denied.

**I.     Background**

On August 30, 2022, Petitioner Jamichael Bernard Garrett ("Petitioner") pled guilty to the charge of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). (*See* Text Entry on August 30, 2022; Cr. Doc. # 25).[2] Petitioner was sentenced to 77 months of imprisonment. (Cr. Doc. # 25). Petitioner has now moved under 28 U.S.C. § 2255 to vacate his conviction and sentence. (Cv. Doc. # 1).

Petitioner argues that, under the United State Supreme Court's decision in *N.Y. State Rifle & Pistol Ass'n, Inc., v. Bruen*, 142 S. Ct. 2111 (2022), his conviction under § 922(g)(1) violates the Second Amendment. (Cv. Doc. # 1).

---

[1] This memorandum opinion and the accompanying order refer to Case No. 1:23-cv-08024-RDP as (Cv. Doc. #) which is the present matter and Case No. 1:22-cr-00081-RDP-JHE as (Cr. Doc. #) which is the underlying criminal case.

[2] Petitioner had previously been convicted of the following felonies in Alabama: four counts of Distribution of a Controlled Substance and two counts of Possession of a Controlled Substance. (Cr. Doc. # 24).

**II.     Standard of Review**

Following conviction and sentencing, § 2255 allows a federal prisoner to file a motion in the sentencing court to vacate, set aside, or correct the sentence in four circumstances: (1) the imposed sentence was in violation of the Constitution or laws of the United States; (2) the court exceeded its jurisdiction to impose the sentence; (3) the imposed sentence exceeded the maximum authorized by law; or (4) the imposed sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

To obtain relief under § 2255, among other things, the prisoner must timely file a non-successive petition or obtain an order from the Eleventh Circuit authorizing a district court to consider a successive § 2255 motion and state a viable claim for relief under the heightened pleading standards of § 2255 Rule 2(b). The heightened pleading standard under § 2255 consist of the requirement that the motion must specify all the grounds of relief and state the facts supporting each ground. *See* Rules 2(b)(1)-(2), Rules Governing § 2255 Proceedings; *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994).

When a § 2255 motion is filed, it is subject to preliminary review, at which time the court is authorized to dismiss the motion summarily "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing § 2255 Proceedings. A § 2255 movant is not entitled to a hearing or post-conviction relief when his or her claims fail to state a cognizable claim or amount to only conclusory allegations unsupported by specific or contentions that in the face of the record are wholly incredible. *See Lynn v. United States*, 365 F.3d 1225, 1239 (11th Cir. 2004); *Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001).

A petitioner bears an especially heavy burden when he or she attacks a sentence based on a guilty plea. *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014). Because dispositions by guilty plea must be "accorded a great measure of finality," "the representations of the defendant, his lawyer, and the prosecutor at a plea hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Id.* (internal quotations and brackets omitted). A prisoner may not successfully challenge his or her guilty plea through "[t]he subsequent presentation of . . . contentions that in the face of the record are wholly incredible." *Id.* (internal quotations omitted). Indeed, such challenges are "subject to summary dismissal" without an evidentiary hearing. *Id.*

## III.   Analysis

Petitioner's motion is timely as he filed his motion within one year of the judgment becoming final. *See* 28 U.S.C. § 2255(f)(1); (Cr. Doc. # 25; Cv. Doc. # 1). His Guilty Plea Advice of Rights Certification states that Petitioner's attorney explained to him the charges against him. (Cr. Doc. # 26). It further states that Petitioner understood the possible penalties. (*Id.*) Thus, Petitioner must "overcome a formidable barrier" in overturning his present conviction. *Winthrop-Redin*, 767 F.3d at 1216.

### A.   Procedural default

A petitioner defaults a claim in a collateral proceeding when he or she could have raised an issue on direct appeal but did not do so. *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004). So, before presenting a claim in a § 2255 motion, a petitioner must advance the available challenge to a criminal conviction or sentence directly in the trial court and on appeal. *Id.* Further, a failure to raise a claim makes the claim procedurally defaulted even if it was foreclosed explicitly by existing circuit precedent at the time of the defendant's direct appeal. *McCoy v. United States*,

266 F.3d 1245, 1258-59 (11th Cir. 2001). If the procedural default is not waived by the government, a court can excuse a procedural default in only two circumstances: when a petitioner demonstrates (1) cause for the default and actual prejudice from the alleged error, or (2) actual innocence. *Lynn*, 365 F.3d 1234. A petitioner is required to present factual assertions to substantiate each claim in a § 2255 motion. *Borden v. Allen*, 646 F.3d 785, 806 (11th Cir. 2011).

Here, Petitioner did not raise his Second Amendment challenge in this court or on appeal. Further, Petitioner has not addressed cause and actual prejudice in his motion. (Cv. Doc. # 1). So, Petitioner does not satisfy the "cause and actual prejudice from the alleged error" requirement. Nor does Petitioner satisfy the "actual innocence" requirement because Petitioner makes no such claim. (Cv. Doc. # 1). Thus, Petitioner's motion is procedurally defaulted, and he is not entitled to relief under § 2255.

**B.     Merits of the claim**

Even if Petitioner's motion was not procedurally defaulted (and, to be clear, it was), Petitioner's argument fails on the merits. Petitioner argues that, under *Bruen*, his § 922(g) conviction violates the Second Amendment. (Cv. Doc # 1). But here, the controlling case is not *Bruen* but rather *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010).

The Eleventh Circuit's precedent remains binding on this court even in the face of an intervening Supreme Court case unless the Supreme Court case is "clearly on point" and "actually abrogate[s] or directly conflict[s] with . . . the holding of the [Eleventh Circuit] panel." *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009). In *Rozier*, the Eleventh Circuit held that "statutory restrictions of firearm possession, such as Section 922(g)(1), are a constitutional avenue to restrict the Second Amendment right of certain classes of people." *United States v. Rozier*, 598 F.3d 768, 771 (11th Cir. 2010). *Rozier* relies on *Heller*'s statement about longstanding restrictions

4

on possession of firearms by felons to affirm the constitutionality of § 922(g)(1). *Id.* at 770 (citing *D.C. v. Heller*, 554 U.S. 570, 626 (2008)). *Bruen* addressed firearm regulation targeting "ordinary, law-abiding citizens," and applied the test already used in *Heller*. *Bruen*, 142 S.Ct. at 2161. *Bruen* does not conflict with *Rozier* because Rozier was not a law abiding citizen. So, the applicable case here is *Rozier*, which upheld § 922(g)(1) conviction against a Second Amendment challenge. *Rozier*, 598 F.3d at 772. Thus, Petitioner's argument that his conviction under § 922(g)(1) violates the Second Amendment is squarely foreclosed by *Rozier*.

Finally, even if *Bruen* did apply, Petitioner's arguments would still fail. Petitioner argues that, under *Bruen*, his conviction violates the Second Amendment. (Cv. Doc # 1). But *Bruen* did not involve a challenge by an individual with a prior felony conviction. *Bruen* states the right to bear arms belongs to "ordinary, law-abiding citizens." *Bruen*, 142 S. Ct. at 2122. In light of his previous charges, Petitioner is not an "ordinary, law-abiding citizen." Thus, even under *Bruen*, Petitioner's argument that his conviction under § 922(g)(1) violates the Second Amendment fails. *See United States v. Hunter*, 645 F. Supp. 3d 1247 (N.D. Ala. Dec. 13, 2022); *United States v. Oliver*, No. 2:22-CR-319-RDP-NAD, 2023 WL 7115572, at *1 (N.D. Ala. Oct. 27, 2023); *United States v. Gilbert*, No. 21-CR-00110-KD-N, 2023 WL 4708005, at *1 (S.D. Ala. July 24, 2023).

### IV. Conclusion

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is **DENIED**.

**DONE** and **ORDERED** this November 8, 2023.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE